IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 19, 2008

Charles R. Fulbruge III
Clerk

No. 08-30254

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

EDWARD LEE DAUGHENBAUGH

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana

Before BENAVIDES, SOUTHWICK, and HAYNES, Circuit Judges.

FORTUNATO P. BENAVIDES, Circuit Judge:

Appellant Edward Lee Daughenbaugh pleaded guilty to possession of child pornography. On appeal, Daughenbaugh asserts that the district court plainly erred in accepting his guilty plea because he had not been indicted and did not knowingly and voluntarily waive his right to indictment. Because Daughenbaugh waived his challenge to the lack of indictment by pleading guilty, we affirm.

I.

On May 19, 2006, Daughenbaugh was arrested for possession of child pornography. On May 26, 2006, Daughenbaugh pleaded guilty to a bill of information charging him with one count of possessing child pornography in

violation of 18 U.S.C. § 2252A(a)(5)(B). Prior to entering the guilty plea, Daughenbaugh and his counsel signed an "Affidavit of Understanding of Maximum Penalty and Constitutional Rights," in which Daughenbaugh acknowledged his understanding of his "right to have the charge against [him] presented to a Grand Jury for indictment." At the plea colloquy, however, the district court did not advise Daughenbaugh of his right to a grand jury indictment or procure an explicit waiver thereof. On August 31, 2006, Daughenbaugh was sentenced to 84 months imprisonment to be followed by a life term of supervised release.

On August 17, 2007, Daughenbaugh filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, alleging that his counsel in the district court was ineffective for coercing him into pleading guilty, failing to file a direct appeal, failing to move to dismiss the case, and failing to investigate and file pretrial motions. The district court scheduled an evidentiary hearing as to Daughenbaugh's counsel's failure to file a direct appeal and denied the motion with respect to all of Daughenbaugh's other issues. Before this hearing was held, however, the parties jointly stipulated that Daughenbaugh's counsel did not inform him that the notice appeal had to be filed within ten days of the entry of judgment and that he had a right to an appointed appellate attorney if he could not afford one. The district court then granted Daughenbaugh an out-of-time appeal and ordered the judgment reinstated. On March 6, 2008, Daughenbaugh timely filed a notice of appeal.

## II.

Rule 7(b) of the Federal Rules of Criminal Procedure states that "[a]n offense punishable by imprisonment for more than one year may be prosecuted by information if the defendant—in open court and after being advised of the nature of the charge and of the defendant's rights—waives prosecution by indictment." Daughenbaugh asserts that because he had not been indicted and

did not knowingly and voluntarily waive his right to grand jury indictment, the district court plainly erred in accepting his guilty plea. This argument, however, is waived. It is well-settled that "[w]hen a defendant enters a voluntary and unconditional guilty plea, the plea has the effect of waiving all nonjurisdictional defects in the prior proceedings."[1] United States v. Stevens, 487 F.3d 232, 238 (5th Cir. 2007), cert. denied, 128 S. Ct. 336 (2007). As the Supreme Court stated in Tollett v. Henderson:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann [v. Richardson, 397 U.S. 759, 770, (1970)].

411 U.S. 258, 267 (1973). Daughenbaugh does not here allege that his guilty plea was not knowing and voluntary. Further, any deprivation of Daughenbaugh's right to indictment by grand jury here took place prior to his entry of a guilty plea, and in light of the Supreme Court's recent pronouncements on jurisdiction, we conclude that the use of a bill of information in the absence of a waiver of indictment is a nonjurisdictional defect, which he cannot now raise. In United States v. Cotton, the Supreme Court held that "indictment omissions" do not deprive a court of jurisdiction, noting that while "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived. . . . the grand jury right can be waived." 535 U.S. 625, 630–31 (2002) (internal citations omitted); see also Kontrick v. Ryan,

---

[1] A defendant may preserve a claim for appellate review while pleading guilty by entering a "conditional plea" under Rule 11(a)(2) of the Federal Rules of Criminal Procedure. See United States v. Bell, 966 F.2d 914, 915–16 (5th Cir. 1992).

540 U.S. 443, 456 (2004) ("Clarity would be facilitated if courts and litigants used the label 'jurisdictional' . . . only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority."); United States v. Cothran, 302 F.3d 279, 283 (5th Cir. 2002) (noting that while our earlier precedent had treated certain indictment errors as jurisdictional, "Cotton demonstrates that standard waiver principles apply to defects in the indictment"). And although we have not previously addressed whether accepting a plea to a bill of information in the absence of an indictment waiver—as opposed to proceeding on a defective indictment, see Cothran, 302 F.3d at 282–83—implicates a district court's jurisdiction, we do not see a distinction between the two for the purposes of the present inquiry. Under the reasoning in Cotton, because criminal defendants may waive the right to grand jury indictment, see Fed. R. Crim. P. 7(b), a failure to actually secure such a waiver does not affect a district court's power to hear a case. Cotton, 535 U.S. at 630. Thus, any error in the charging procedure here was nonjurisdictional and was therefore waived by Daughenbaugh's subsequent guilty plea. Stevens, 487 F.3d at 238.

## III.

For the foregoing reasons, the judgment of the district court is AFFIRMED.