# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 3, 2010

Lyle W. Cayce
Clerk

No. 09-40606
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LEOBARDO VILLARREAL,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:06-CR-220-1

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Leobardo Villarreal appeals his guilty-plea conviction for escape from federal custody in violation of 18 U.S.C. § 751(a). He argues that the indictment was flawed: that the lack of a signature violated his constitutional rights, that it was duplicitous, and that the facts did not support the allegations. He also takes issue with the rearraignment at which he pleaded guilty, urging that the district court failed in multiple ways to comply with Federal Rule of Criminal Procedure 11.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-40606

First, as to the alleged problems with the indictment, the grand jury's foreperson did sign it.  Villarreal's guilty plea waived his right to challenge the indictment as duplicitous.[1]  By pleading guilty, he also waived his right to challenge any factual defects in the indictment,[2] and, in any event, a review of the record shows the argument to have no merit.

Second, because Villarreal did not before the district court raise his challenges to the guilty plea hearing, we review for plain error.[3]  To secure a reversal for an unpreserved Rule 11 failing, Villarreal must "show a reasonable probability that, but for the error, he would not have entered the plea."[4]  After reviewing the record, we are not persuaded that Villarreal has made the necessary showing, and the facts support the conviction.

AFFIRMED.

---

[1] *United States v. Lampazianie*, 251 F.3d 519, 525 (5th Cir. 2001).

[2] *United States v. Daughenbaugh*, 549 F.3d 1010, 1012 (5th Cir. 2008) (explaining that a guilty plea waives all nonjurisdictional defects in the prior proceedings); *see also United States v. Cotton*, 535 U.S. 625, 630–31 (2002) (ruling that indictment defects are not jurisdictional problems).

[3] *See United States v. Vonn*, 535 U.S. 55, 58–59 (2002).

[4] *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004).