# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 13, 2010

No. 09-20354
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANDRES BANDA-COLLAZO, also known as Andres Collazo-Banda, also known as Andres Banda Collazo, also known as Andres Collazo Bonda,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-86-1

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:[*]

Andres Banda-Collazo appeals his guilty plea conviction and sentence for being found unlawfully in the United States after having been removed following a prior aggravated felony conviction in violation of 8 U.S.C. § 1326(a) and (b)(2). Banda-Collazo contends that his guilty plea was not knowing and voluntary because trial counsel was ineffective in failing to explain his speedy trial rights and move for the dismissal of the charges in the district court. He also contends

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the district court did not specifically explain at the rearraignment hearing that by pleading guilty, he would be waiving his right to challenge speedy trial violations under the Sixth Amendment, as well as the Speedy Trial Act. Because Banda-Collazo did not raise these claims in the district court, plain error review applies. *See United States v. Vonn*, 535 U.S. 55, 58-59 (2002).

The record shows that Banda-Collazo's guilty plea was knowing and voluntary. In addition to advising him of the various trial rights he would be waiving by pleading guilty, the district court specifically explained that he was giving up his right to claim that his right to a speedy trial was violated. Banda-Collazo stated that he understood. The district court ascertained that Banda-Collazo was competent to plead guilty, that he was not under the influence of any substances, that he understood the nature of the charges and the maximum penalty, that his plea was not the result of threats or force, and that there was a factual basis for the plea. Banda-Collazo confirmed that he had sufficient time to discuss his case with counsel and that he was pleading guilty freely and voluntarily. His statements at the rearraignment hearing carry a strong presumption of verity. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Therefore, Banda-Collazo has not shown error, plain or otherwise.

Banda-Collazo waived his Sixth Amendment speedy trial claim when he entered a voluntary and unconditional guilty plea. *See United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992). Further, his Speedy Trial Act claim is not subject to appellate review because he did not raise it in the district court. *See* 18 U.S.C. § 3162(a)(2); *United States v. Westbrook*, 119 F.3d 1176, 1186 (5th Cir. 1997).

Banda-Collazo contends that the lack of a signature and date on his indictment violated his Fifth Amendment right to due process and his Sixth Amendment right to a jury trial. This challenge to his indictment was also waived by his voluntary and unconditional guilty plea. *See United States v. Daughenbaugh*, 549 F.3d 1010, 1012-13 (5th Cir. 2008).

Banda-Collazo contends that the indictment was defective because it failed to identify his prior aggravated felony conviction. He argues that his prior conviction was an element of the offense and, thus, should have been specifically identified in the indictment. Banda-Collazo's argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). *See United States v. Pineda-Arrellano*, 492 F.3d 624, 625 (5th Cir. 2007).

Banda-Collazo's related argument that the 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i) was unconstitutional because it was based on the fact of a prior conviction that was not alleged in the indictment and proved to a jury beyond a reasonable doubt, is likewise foreclosed. *See United States v. Booker*, 543 U.S. 220, 244 (2005); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).

Finally, the record is not sufficiently developed to permit direct review of Banda-Collazo's claim that trial counsel was ineffective in failing to explain his speedy trial rights and move for the dismissal of the charges in the district court. *See United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006). Therefore, we decline to consider this claim, without prejudice to Banda-Collazo's right to raise it in a 28 U.S.C. § 2255 motion. *See id.*

Although several of Banda-Collazo's claims were waived and foreclosed by circuit precedent, counsel failed to identify and address the controlling precedent. Counsel is therefore reminded of his duty to research the law and facts and to address controlling precedent. *See United States v. Fields*, 565 F.3d 290, 294 (5th Cir.), *cert. denied*, 130 S. Ct. 298 (2009).

Accordingly, the district court's judgment is AFFIRMED.