# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 24, 2011

Lyle W. Cayce
Clerk

No. 10-31015
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TONY TEMPLET,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CR-153-1

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Tony Templet appeals his guilty plea conviction for receiving child pornography in violation of 18 U.S.C. § 2252(a)(2). He argues that the indictment failed to charge him with an offense under § 2252(a)(2) because it did not specifically allege that he knew that the production of the visual depictions he received involved the use of a minor engaging in sexually explicit conduct. He does not contend that this guilty plea was involuntary or unknowing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-31015

The Government moves to supplement the record on appeal with a copy of its sentencing memorandum, and Templet does not oppose the motion. *See* FED. R. APP. P. 10(e)(2). We grant the motion.

The Government argues that the provision in Templet's plea agreement waiving his right to appeal bars his claim, but the written appeal waiver only refers to Templet's right to appeal his sentence. Accordingly, his challenge to the sufficiency of the indictment is not barred by that specific provision. *See United States v. Harris*, 434 F.3d 767, 770-71 (5th Cir. 2005) (holding that we construe appeal waiver provisions narrowly and in favor of the defendant). Nevertheless, by pleading guilty, Templet waived his right to challenge such nonjurisdictional defects in the indictment. *See United States v. Daughenbaugh*, 549 F.3d 1010, 1011-12 (5th Cir. 2008).

MOTION GRANTED; AFFIRMED.