# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 4, 2012

Lyle W. Cayce
Clerk

No. 11-30505
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JAMES A. WALKER, JR.,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CR-143-1

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

James A. Walker, Jr., appeals his guilty-plea conviction for receiving child pornography, in violation of 18 U.S.C. § 2252(a)(2). He contends: the indictment failed to charge him with an offense under § 2252(a)(2) because it did not allege specifically that he knew the visual depictions he received involved the use of a minor engaging in sexually-explicit conduct; and, as a result, the defect is jurisdictional and not waived by his guilty plea.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Walker states that our precedent would foreclose this appeal; however, relying on cases from other circuits, he contends our court has erroneously interpreted *United States v. Cotton*, 535 U.S. 625, 630-31 (2002). Although our court has an unpublished opinion directly on point, our unpublished opinions are not binding precedent. *See United States v. Templet*, 431 F. App'x 270, 271 (5th Cir. 2011) (per curiam); *see, e.g.,* 5th Cir. R. 47.5.4.

"[W]hen a defendant enters a voluntary and unconditional guilty plea, the plea has the effect of waiving all nonjurisdictional defects in the prior proceedings". *United States v. Daughenbaugh*, 549 F.3d 1010, 1012 (5th Cir. 2008) (internal quotation marks omitted). In reaching that conclusion, our court noted that, under *Cotton*, indictment defects do not deprive a court of jurisdiction. *Id.*; *see also United States v. Cothran*, 302 F.3d 279, 283 (5th Cir. 2002).

Walker does not contend that his guilty plea was unknowing or involuntary, and he admitted in the signed factual basis that he knowingly searched for child pornography to download onto his computer. Thus, he waived any challenge to the sufficiency of the indictment by pleading guilty. *See Daughenbaugh*, 549 F.3d at 1012-13.

The written judgment provides the offense of conviction was *receipt and possession* of child pornography. Pursuant to his plea agreement, however, Walker pleaded guilty only to count one of the indictment, which charged him with *receipt* of child pornography. In accordance with that agreement, the district court dismissed count two, which charged Walker with *possession* of child pornography.

"After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Rule 36 is the appropriate vehicle for changes that do not substantively alter the orally announced sentence but instead correct errors in the written

judgment. *United States v. Spencer*, 513 F.3d 490, 491-92 (5th Cir. 2008). Our court has noted *sua sponte* that it must remand for the purpose of correcting irregularities contained in the judgment. *United States v. Johnson*, 588 F.2d 961, 964 (5th Cir. 1979) (citing Fed. R. Crim. P. 36). Because the judgment does not properly reflect the crime of conviction, this matter is remanded for the limited purpose of correcting the judgment to reflect that Walker was convicted of receipt of child pornography.

AFFIRMED; LIMITED REMAND FOR CORRECTION OF JUDGMENT.