# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 5, 2013

No. 12-31069
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCO ANTONIO PEREZ-SANTIZO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:11-CR-273-1

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Marco Antonio Perez-Santizo entered an unconditional guilty plea for illegal reentry after deportation. He was sentenced below the guidelines range to 24 months in prison.

Perez-Santizo first seeks to appeal the denial of his motion to dismiss the indictment on the ground that the underlying deportation order was invalid. "[W]hen a defendant enters a voluntary and unconditional guilty plea, the plea has the effect of waiving all nonjurisdictional defects in the prior proceedings."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*United States v. Daughenbaugh*, 549 F.3d 1010, 1012 (5th Cir. 2008) (internal quotation marks omitted).  In reaching that conclusion, our court noted that, under *United States v. Cotton*, 535 U.S. 625, 630-31 (2002), indictment defects do not deprive a court of jurisdiction.  *Id.*

Perez-Santizo does not contend that his guilty plea was unknowing or involuntary.  Perez-Santizo's challenge to the sufficiency of the factual basis for his guilty plea is raised for the first time in his reply brief and will not be considered.  *See Taita Chemical Co., Ltd. v. Westlake Styrene Corp.*, 246 F.3d 377, 384 n.9 (5th Cir. 2001).  Because Perez-Santizo entered a knowing and voluntary unconditional guilty plea, he waived his right to challenge the denial of his motion to dismiss the indictment and waived any challenge to the sufficiency of the indictment.  *See Daughenbaugh*, 549 F.3d at 1012-13.

Even if we were to consider the denial of Perez-Santizo's motion to dismiss, Perez-Santizo's arguments challenging the sufficiency of the indictment and the underlying deportation order were cloaked in generalities and were based on what he believed the immigration documents would show and his belief that his deportation proceedings were flawed and did not comport with due process.  He did not explain why there was a lack of notice and did not point to any documents to substantiate his allegation of lack of notice.  *See United States v. Lopez-Ortiz*, 313 F.3d 225, 230 (5th Cir. 2002).  Perez-Santizo also failed to show that the alleged procedural deficiencies actually prejudiced him; he did not show that there was a reasonable likelihood that but for the errors complained of he would not have been deported.  *See United States v. Lopez-Vasquez*, 227 F.3d 476, 485-86 (5th Cir. 2000).  Because Perez-Santizo failed to show that his deportation proceedings were invalid, Perez-Santizo's 2000 removal order may permissibly serve as a basis for his conviction under 8 U.S.C. § 1326 and the 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(vii).  *See id.* at 485.

To the extent that Perez-Santizo avers that he should have been allowed to withdraw his guilty plea because he had shown in his post-plea sentencing submissions that the initial order of deportation was flawed, we reject the argument.  At no time did Perez-Santizo request or file a motion to withdraw his guilty plea in the district court.  *See United States v. Grant*, 117 F.3d 788, 789 (5th Cir. 1997).

Finally, Perez-Santizo challenges the procedural and substantive reasonableness of his below-guideline sentence.  We review a sentence for reasonableness.  *See Gall v. United States*, 552 U.S. 38, 56 (2007).  A sentence below the properly calculated guidelines range, as in this case, is presumed to be reasonable.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009) (within-guidelines sentence); *United States v. Goodman*, 307 F. App'x 811, 812 (5th Cir.2009) (below-guidelines sentence, cited in *United States v. Murray*, 648 F.3d 251, 258 (5th Cir. 2011)).

Perez-Santizo offers no good reason for us to disturb that presumption. *See Cooks*, 589 F.3d at 185; *Gall*, 552 U.S. at 51.  Moreover, the sentence is not rendered unreasonable by the lack of an empirical basis for the illegal reentry guideline or by any double counting of Perez-Santizo's criminal history.  *See United States v. Teuschler,* 689 F.3d 397, 397 (5th Cir. 2012); *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).  The judgment of the district court is affirmed.

AFFIRMED.