# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50736
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 12, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARC COREY WILLIAMS, also known as DJ Yung Rock, also known as J-Rock, also known as DJ Yung Rocc, also known as J-Rocc,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-2420-4

Before JONES, BENAVIDES, and GRAVES, Circuit Judges.

PER CURIAM:*

Marc Corey Williams appeals his guilty plea conviction and 180-month sentence for conspiracy to violate certain forced labor and sex trafficking laws. He argues that the superceding indictment was defective because it specifically cited to the sex trafficking conspiracy statutory subsection, 18 U.S.C. § 1594(c), while omitting specific recitation to the forced labor conspiracy statutory

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50736

subsection, § 1594(b).  He further argues that (1) errors made pursuant to Federal Rules of Criminal Procedure 11 rendered his guilty plea invalid and (2) his sentence is procedurally unreasonable because the district court committed numerous errors in calculating his guidelines sentencing range. Williams did not raise these issues in the district court.  Accordingly, we review for plain error only.  *See United States v. Fuchs*, 467 F.3d 889, 900 (5th Cir. 2006); *United States v. Vonn*, 535 U.S. 55, 58-59 (2002).

Because Williams entered a voluntary and unconditional guilty plea, he waived any challenge to nonjurisdictional defects in the superceding indictment.  *See United States v. Daughenbaugh*, 549 F.3d 1010, 1012 (5th Cir. 2008); *see United States v. Cotton*, 535 U.S. 625, 630-31 (2002).  Moreover, Williams's assertion that his guilty plea was invalid because the district court did not properly admonish him regarding the nature of the charges against him or the maximum possible sentence is without merit.  Given the specificity of the plea agreement and the superceding indictment, the lengthy factual basis supporting his guilty plea, and Williams's "[s]olemn declarations in open court" that he understood the charges against him and the consequences of pleading guilty, Williams cannot demonstrate that but for any Fed. R. Crim. P. 11 errors he would likely not have pleaded guilty.  *United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009); *see United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

Similarly, the appellate waiver is valid because the record reveals that Williams read and understood the terms of the plea agreement and did not ask any questions, ask for clarification, or express any confusion concerning the waiver provision.  *See United States v. Higgins*, 739 F.3d 733, 736-37 (5th Cir.), *cert. denied*, 2014 WL 1458159 (2014).  Because the Government did not breach the plea agreement, Williams is bound by his knowing and voluntary waiver of

appeal. *See United States v. Gonzalez*, 309 F.3d 882, 886 (5th Cir. 2002). Williams's waiver of appeal allowed him to appeal his sentence only where he alleged constitutional violations due to ineffective assistance of counsel or prosecutorial misconduct. His sentencing issues do not rise to constitutional dimension, and he does not allege either ineffective assistance of counsel or prosecutorial misconduct. Accordingly, he was waived review of his sentencing issues. *See id.* The judgment of the district court AFFIRMED.