# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-51234
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 9, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TIMOTHY SHANE SCOTT,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:14-CR-161

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Timothy Shane Scott appeals his conviction for conspiracy to possess with intent to distribute 28 grams or more of cocaine base and his within-guidelines sentence of 77 months in prison. Scott argues that the district court erred in denying his motion to suppress based on the finding that he lacked standing to challenge the warrantless search of a motel room registered to his co-defendant because he was merely a lawful visitor and not an overnight guest

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-51234

in the room.  He further asserts that the district court abused its discretion in concluding that exigent circumstances justified the search.

"A defendant wishing to preserve a claim for appellate review while still pleading guilty can do so by entering a 'conditional plea' under Rule 11(a)(2) of the Federal Rules of Criminal Procedure." *United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992).  There was no written plea agreement, and nothing in the record indicates that Scott entered a conditional guilty plea.  *See United States v. Stevens*, 487 F.3d 232, 238-40 (5th Cir. 2007).  Scott entered a voluntary and unconditional guilty plea, the validity of which he does not challenge, and, thus, has waived any Fourth Amendment claims.  *See United States v. Scruggs*, 714 F.3d 258, 261-62 (5th Cir. 2013); *United States v. Daughenbaugh*, 549 F.3d 1010, 1012-13 (5th Cir. 2008); *United States v. Cothran*, 302 F.3d 279, 286 (5th Cir. 2002).  Accordingly, the judgment of the district court is AFFIRMED.