# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-40243
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 27, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDUARDO SEGOVIANO-BRISENO, also known as Gerardo, also known as Lalo,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:17-CR-77-2

Before DAVIS, HAYNES and GRAVES, Circuit Judges.

PER CURIAM:[*]

Eduardo Segoviano-Briseno appeals his conviction and sentence for conspiracy to possess with the intent to manufacture and distribute methamphetamine. He presents four arguments: (1) his guilty plea is invalid because the factual basis for the plea was insufficient, (2) the waiver of appeal in his plea agreement is invalid because the Government provided no

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

consideration for the plea agreement, (3) his sentence is substantively unreasonable, and (4) the written judgment contains a clerical error that should be corrected.

Segoviano-Briseno did not preserve his challenge to the sufficiency of the factual basis. We need not reach the questions of invited error and waiver because his argument fails even under the less stringent standard of plain error. *See United States v. Martinez-Vega*, 471 F.3d 559, 563 n.4 (5th Cir. 2006). The written factual basis established the requisite elements of the conspiracy, and Segoviano-Briseno admitted the written factual basis was true and correct. His statements at rearraignment regarding his conduct are insufficient to show clear or obvious error on this issue. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Garcia-Paulin*, 627 F.3d 127, 131 (5th Cir. 2010).

Plain error review also applies to Segoviano-Briseno's challenge to the validity of the appeal waiver and plea agreement. Segoviano-Briseno cannot establish that the district court plainly erred in accepting the plea agreement, as we have never expressly held that consideration is required to support a valid plea agreement. *See Puckett*, 556 U.S. at 135; *United States v. Smallwood*, 920 F.2d 1231, 1239-40 (5th Cir. 1991). Moreover, the record demonstrates no reversible plain error with respect to the consideration given by the Government in the plea agreement. *See Puckett*, 556 U.S. at 135.

We do not consider Segoviano-Briseno's challenge to the substantive reasonableness of his sentence because that issue falls outside the exceptions to the appeal waiver and is barred by the waiver. *See United States v. Pizzolato*, 655 F.3d 403, 411-12 (5th Cir. 2011). Lastly, the judgment does not contain a clerical error concerning the description of the offense of conviction, as the record contains numerous indications that Segoviano-Briseno was

pleading guilty to conspiracy to possess with the intent to manufacture and distribute methamphetamine. His guilty plea had the effect of waiving all nonjurisdictional defects in the prior proceedings, including defects in the indictment. *See United States v. Daughenbaugh*, 549 F.3d 1010, 1012-13 (5th Cir. 2008).

AFFIRMED.