# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 17-50585
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
April 4, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADALID MONTIEL-FIGUEROA, also known as Jesus Trevino,

Defendant-Appellant

--------------------------------------------------------

Consolidated with 17-51062

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS TREVINO, also known as Adalid Montiel-Figueroa,

Defendant-Appellant

--------------------------------------------------------

Consolidated with 17-51069

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADALID MONTIEL-FIGUEROA, also known as Jesus Trevino,

Defendant-Appellant

No. 17-50585
c/w No. 17-51062
c/w No. 17-51069

———————

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:15-CR-1609-1
USDC No. 2:16-CR-438-1

———————

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

In these consolidated appeals, Adalid Montiel-Figueroa, also known as Jesus Trevino, appeals his illegal reentry conviction and sentence and the revocation of his supervised release. The district court sentenced Montiel-Figueroa to 36 months of imprisonment and three years of supervised release for the illegal reentry conviction. The district court sentenced him to 24 months of imprisonment for the revocation of his supervised release, to run consecutively to the illegal reentry sentence. For the reasons that follow, we AFFIRM both judgments.

The claims of error that Montiel-Figueroa raises in his pro se brief pertain to the illegal reentry conviction and sentence; Montiel-Figueroa does not brief any challenge to the revocation of his supervised release. Therefore, he has abandoned the appeal of the revocation, and the revocation judgment is affirmed. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Montiel-Figueroa argues that the district court failed to provide notice that it was considering a departure from the guidelines range; he seems to also argue, with the benefit of liberal construction, that the district court erred in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50585
c/w No. 17-51062
c/w No. 17-51069

failing to provide notice that it was considering a variance from the guidelines range. This claim of error is unavailing because the district court did not impose a departure and was not required to give notice of the variance. *See Irizarry v. United States*, 553 U.S. 708, 713-16 (2008).

Montiel-Figueroa also argues that the district court failed to adequately explain the sentence. The record reflects that the district court primarily relied on Montiel-Figueroa's prior 57- and 87-month illegal reentry sentences and cited relevant 18 U.S.C. § 3553(a) factors. This record "makes the sentencing judge's reasoning clear and allows for effective review; no further explanation was required." *United States v. Fraga*, 704 F.3d 432, 439 (5th Cir. 2013). There was no error, plain or otherwise, in the adequacy of the explanation of the sentence.

In the body of his brief, Montiel-Figueroa also argues that the sentence was substantively unreasonable. He seems to argue that the district court gave too much weight to his criminal history, which does not distinguish him from other illegal reentry defendants; improperly relied on two uncounseled prior convictions; failed to give him notice of its intent to rely on his underrepresented criminal history; and effectively imposed a consecutive sentence by failing to order that the sentence run concurrently with the revocation sentence.

Montiel-Figueroa did not preserve a challenge to the district court's reliance on uncounseled convictions or the lack of notice, and these aspects of his claim of error are subject to plain error review. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). Given that the district court relied primarily on the prior illegal reentry sentences to justify the sentence, Montiel-Figueroa cannot show that his substantial rights were

No. 17-50585
c/w No. 17-51062
c/w No. 17-51069

affected by the district court's reliance on uncounseled convictions. *See United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010). The district court did not err, plainly or otherwise, in failing to give Montiel-Figueroa notice of its intent to vary from the guidelines range on the basis of his criminal history. *See Irizarry*, 553 U.S. at 713-16. The district court gave compelling and case-specific reasons for varying from the guidelines range and effectively imposing a consecutive sentence, and Montiel-Figueroa's disagreement with the district court's assessment of the § 3553(a) factors fails to show any abuse of discretion, especially considering the deference given to the district court's reasoning. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). There was no error, plain or otherwise, in the substantive reasonableness of the sentence.

The record is not sufficiently developed to allow us to make a fair evaluation of Montiel-Figueroa's claim of ineffective assistance of counsel; we therefore decline to consider the claim without prejudice to collateral review. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014). Finally, Montiel-Figueroa waived his claim of error regarding the denial of his motion to dismiss the indictment by entering an unconditional guilty plea. *See United States v. Daughenbaugh*, 549 F.3d 1010, 1012 (5th Cir. 2008).

AFFIRMED.