# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 16, 2023

Lyle W. Cayce
Clerk

———————

No. 22-40764
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Jake Ellis Daughtry,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:20-CR-55-1

_____

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam:[*]

Jake Ellis Daughtry pleaded guilty to conspiracy to use the internet to distribute a date rape drug—1,4-butanediol—to persons that he knew or had reasonable cause to believe were not authorized purchasers, in violation of 21 U.S.C. § 841(g) and 21 U.S.C. § 846. He now appeals from that judgment and challenges his conviction.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-40764

First, Daughtry challenges the district court's denial of his motion to withdraw his guilty plea. Although Daughtry's plea agreement contained an appeal waiver, the Government does not seek to enforce the waiver with respect to this specific argument. Accordingly, our review of the district court's denial of the withdrawal motion is for an abuse of discretion. *See United States v. Lord*, 915 F.3d 1009, 1013-14 (5th Cir. 2019).

The record reflects that Daughtry was apprised of the elements of the offense of conviction and that he understood the nature of the charges against him, the consequences of the plea, and the nature of the constitutional protections he waived by pleading guilty. *See United States v. Urias-Marrufo*, 744 F.3d 361, 366 (5th Cir. 2014); *United States v. Reyes*, 300 F.3d 555, 559 (5th Cir. 2002). His arguments to the contrary based on *Ruan v. United States*, 142 S. Ct. 2370 (2022), fail to show that his guilty plea was not knowing and voluntary, and he otherwise fails to establish that the district court erred or abused its discretion in denying his motion to withdraw his guilty plea. *See Lord*, 915 F.3d at 1013-14; *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984).

Second, based on various challenges to § 841(g), Daughtry contends that the district court erred in accepting his guilty plea. The Government does assert Daughtry's appeal waiver as to these arguments, and we are persuaded that the waiver is valid and enforceable as to them. *See United States v. Jacobs*, 635 F.3d 778, 781-82 (5th Cir. 2011). Daughtry's attempt to avoid the effect of the appeal waiver by characterizing the arguments as jurisdictional is misplaced. *See United States v. Scruggs*, 714 F.3d 258, 262-63 (5th Cir. 2013); *United States v. Cothran*, 302 F.3d 279, 283 (5th Cir. 2002).

Lastly, Daughtry contends that the district court erred in denying his motion to obtain transcripts of grand jury proceedings. This claim was

2

waived at the very least by his unconditional guilty plea. *See United States v. Daughenbaugh*, 549 F.3d 1010, 1012 (5th Cir. 2008).

Accordingly, the judgment of the district court is AFFIRMED. His motion to allow attachments to his initial brief is DENIED as unnecessary.