**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff - Appellee*,

v.

GENARO MEDINA-LUNA,

*Defendant - Appellant*.

No. 23-705

D.C. No.
3:22-cr-02443-RSH-1

OPINION

Appeal from the United States District Court
for the Southern District of California
Robert Steven Huie, District Judge, Presiding

Submitted March 26, 2024[*]
Pasadena, California

Filed April 12, 2024

Before: Susan P. Graber and Danielle J. Forrest, Circuit
Judges, and James V. Selna, District Judge.[**]

Opinion by Judge Graber

---

[*] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] The Honorable James V. Selna, United States District Judge for the
Central District of California, sitting by designation.

## SUMMARY[***]

### Criminal Law

The panel dismissed in part Medina-Luna's appeal from the 41-month prison sentence imposed following his guilty plea to an information charging him with attempted reentry by a removed noncitizen in violation of 8 U.S.C. § 1326, and otherwise affirmed.

Medina-Luna challenged the validity of his waiver of a grand jury indictment. The panel held that Medina-Luna waived the right to appeal that issue by pleading guilty unconditionally. Relying on the Supreme Court's decision in United States v. Cotton, 535 U.S. 625 (2002) (holding that defects in an indictment do not deprive a court of jurisdiction), the panel held that an error in procuring a knowing and voluntary waiver of indictment is nonjurisdictional and is therefore waived by a defendant's subsequent guilty plea.

Citing Miller v. Gammie, 335 F.3d 889 (9th Cir. 2003) (en banc) (holding that a three-judge panel may recognize a decision as overruled if it is clearly irreconcilable with a later precedent from the Supreme Court), the panel overruled United States v. Travis, 735 F.2d 1129 (9th Cir. 1984), to the extent Travis characterized any defect in the waiver of indictment as jurisdictional. The panel took the opportunity to reaffirm that Miller remains good law in all respects.

---

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Seeing no abuse of discretion, the panel held that the sentence was substantively reasonable.

## COUNSEL

Kenneth M. Miller, Law Office of Kenneth M. Miller, Capistrano Beach, California, for Defendant-Appellant.

Jordan Arakawa and James Miao, Assistant United States Attorneys; Daniel E. Zipp, Assistant United States Attorney, Chief, Appellate Section, Criminal Division; Badih Mouannes, Special Assistant United States Attorney; Tara K. McGrath, United States Attorney; United States Department of Justice, Office of the United States Attorney, San Diego, California; for Plaintiff-Appellee.

## OPINION

GRABER, Circuit Judge:

Defendant Genaro Medina-Luna timely appeals his sentence of 41 months of imprisonment, following his guilty plea to an information charging him with attempted reentry by a removed noncitizen, in violation of 8 U.S.C. § 1326. He raises two issues: whether his waiver of the right to a grand jury indictment was valid, and whether the sentence imposed was substantively reasonable. We hold that Defendant waived the right to appeal the first issue by entering an unconditional guilty plea and that the sentence was substantively reasonable. We therefore dismiss the appeal in part and otherwise affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant is a Mexican national and citizen. In September 2022, he attempted to enter the United States from Mexico through the Otay Mesa, California Port of Entry, concealed in the trunk of a car. Defendant had been ordered removed from the United States to Mexico on five previous occasions, spanning the period from 2006 to early 2022.

Defendant was charged with attempted reentry by a removed noncitizen, in violation of 8 U.S.C. § 1326. During a hearing, the magistrate judge informed Defendant of the charge against him. The judge noted that the charge was for a felony, and she advised Defendant, as well as several other defendants who were charged in unrelated cases, as follows:

> [Y]ou have the right to have the charges presented to the grand jury. That's a group of citizens from the community. They are brought together. They hear evidence presented by the prosecutor. And it's their job to decide if there's probable cause to charge you with this crime or not.
>
> . . . .
>
> . . . [I]f the grand jury finds probable cause, you can be charged using a document called an Indictment. But if the grand jury doesn't find probable cause, you can't be charged with a felony at all.
>
> I've been told that each of you is giving up your right to have the charges presented to the grand jury. You're agreeing that, instead,

> the United States can file these charges by typing up a different type of document, this Information, and simply filing it with the Court.
>
> So I want to make sure that's what you want to do, and I want to make sure that you are doing so intelligently and voluntarily.

The magistrate judge then asked Defendant's lawyer whether she had advised him of the "right to the grand jury and the significance of the waiver." Counsel responded, "Yes, your Honor." After that, the judge asked Defendant whether, in fact, he wished to waive his right to have the charge presented to the grand jury. Through an interpreter, Defendant replied, "Yes, your Honor." The judge asked, "Before you made this decision, did you have enough time to talk to your attorney about the grand jury and your waiver?" Defendant answered, "Yes, your Honor." He then stated that he had no questions about the waiver and that he had not been pressured by anyone in any way to give up his right to an indictment.

A few months after waiving indictment, Defendant pleaded guilty. He entered an open, unconditional plea with no plea agreement.

The government calculated the Guideline range as 63–78 months. Defendant requested a four-level downward departure under Sentencing Guideline Manual § 5K2.12 because of his motivation to enter the United States to provide emotional support to his daughter, who had suffered a severe trauma. He calculated a Guideline range of 41–51 months. Probation recommended 63 months in custody; the United States recommended a downward variance to 57

months in recognition of the circumstances motivating Defendant; and Defendant sought 41 months.

The district court calculated the Guideline range as 63–78 months. After considering the 18 U.S.C. § 3553(a) factors, the court varied downward and sentenced Defendant to 41 months. This timely appeal followed.

## DISCUSSION

### A. The Waiver of an Indictment Is Nonjurisdictional.

Defendant challenges the validity of his waiver of an indictment, but we must first decide whether he waived appeal of the issue. We determine de novo the question whether Defendant has waived appeal of an issue. United States v. Watson, 582 F.3d 974, 981 (9th Cir. 2009). Here, Defendant pleaded guilty unconditionally, without a plea agreement and without preserving identified issues for appeal in writing as permitted by Federal Rule of Criminal Procedure 11(a)(2). "[A]n unconditional guilty plea constitutes a waiver of the right to appeal all nonjurisdictional antecedent rulings and cures all antecedent constitutional defects." United States v. Chavez-Diaz, 949 F.3d 1202, 1206 (9th Cir. 2020) (citations and internal quotation marks omitted). The specific question presented here is whether the failure to secure a valid waiver of indictment is a nonjurisdictional defect.

### 1. *Miller v. Gammie* Provides the Applicable Test.

In United States v. Travis, 735 F.2d 1129 (9th Cir. 1984), we considered a challenge to a defendant's waiver of indictment following the defendant's guilty plea. We stated that the "claimed defect is jurisdictional." Id. at 1131. As a three-judge panel, we may recognize that decision as overruled if it is clearly irreconcilable with a later precedent

from the Supreme Court of the United States. Miller v. Gammie, 335 F.3d 889, 899–900 (9th Cir. 2003) (en banc). As discussed below, it is.

We pause to observe that, unfortunately, confusion has arisen about whether Miller itself has been overruled in part. We briefly addressed this topic in Rieman v. Vazquez, No. 22-56054, 2024 WL 927667, at *4 n.1 (9th Cir. March 5, 2024), as amended (April 2, 2024). We take this opportunity to provide more context.

In a few cases, we have cited Miller and erroneously appended an unexplained notation that Miller has been "overruled on other grounds by Sanchez v. Mayorkas, 593 U.S. 409 (2021)." E.g., Punchbowl, Inc. v. AJ Press, LLC, 90 F.4th 1022, 1031 (9th Cir. 2024); United States v. Eckford, 77 F.4th 1228, 1233 (9th Cir. 2023), cert. denied, 144 S. Ct. 521 (2023). By contrast, in dozens of our recent cases, we have used the proper citation formatting for Miller, with no reference to Sanchez or to Miller's having been overruled. E.g., Coria v. Garland, No. 22-970, 2024 WL 1164863, at *2 (9th Cir. Mar. 19, 2024); McBurnie v. RAC Acceptance E., LLC, No. 22-16868, 2024 WL 1101845, at *4 (9th Cir. Mar. 14, 2024); Jamgotchian v. Ferraro, 93 F.4th 1150, 1160 (9th Cir. 2024).

The confusion arises from a red flag placed on Miller by Westlaw, due to Westlaw's misreading of our decision in Hernandez v. Garland, 47 F.4th 908 (9th Cir. 2022), as amended (Sept. 14, 2022). Hernandez was an immigration case in which we applied Miller's test and recognized that the Supreme Court's intervening decision in Sanchez had overruled a series of our older cases. Westlaw misread our decision as having held that Miller itself was overruled. Westlaw's shallow reading of Hernandez was perhaps

understandable at first glance because the opinion assumed that the reader understood Miller, and the citation to it does not follow immediately after the phrase "effectively overruled our precedent" in the opening paragraphs:

> [W]e hold that the Supreme Court's recent decision in Sanchez v. Mayorkas, 141 S. Ct. 1809 (2021), effectively overruled our precedent requiring that the benefits conferred by an alien's immigration status be analyzed to determine if the alien had been "admitted in any status," see Miller v. Gammie, 335 F.3d 889, 893 (9th Cir. 2003) (en banc), and we conclude that under Sanchez and the plain language of the relevant immigration statutes, Hernandez's [temporary protected status] does not constitute an admission under 8 U.S.C. § 1229b(a)(2).

Hernandez, 47 F.4th at 910.

Westlaw's reading of this shorthand summary was clearly wrong. Miller was a § 1983 case that had nothing whatsoever to do with immigration statutes. As the remainder of Hernandez makes clear, Sanchez overruled only a series of our immigration decisions. Hernandez, 47 F.4th at 913–14; see also Rieman, 2024 WL 927667, at *4 n.1 ("The Supreme Court's decision in Sanchez did not overrule any aspect of our decision in Miller.") Nothing in Sanchez speaks to any aspect of Miller, and no sensible reading of Hernandez suggests that Miller has been overruled, in whole or in part or on other grounds. As we have repeatedly recognized in cases decided after Sanchez,

Miller remains good law in all respects.[1]  We now proceed to apply Miller.

## 2. *United States v. Travis* Is No Longer Good Law.

In United States v. Cotton, 535 U.S. 625 (2002), the Court held that defects in an indictment do not deprive a court of jurisdiction, that is, the statutory or constitutional power to adjudicate a case.  Id. at 630–31.  The Court overruled a Fourth Circuit decision holding that the district court had been "without jurisdiction" to impose a sentence for an offense not charged in the indictment.  Id. at 628–29. The Supreme Court reasoned that—unlike true defects in subject-matter jurisdiction—the grand jury right can be waived pursuant to Federal Rule of Criminal Procedure 7(b). Id. at 630–31.

Accordingly, we overrule Travis to the extent that it characterizes any defect in the waiver of indictment as jurisdictional.  Miller, 335 F.3d at 899–900.  In doing so, we

---

[1] An overly formalistic reading of our circuit rules could suggest that our cases are internally inconsistent as to the status of Miller:  some cases cite Miller with a notation that it has been overruled in part, and other cases cite Miller without that notation.  And, if we were faced with a true intracircuit split, we ordinarily would have to call for rehearing en banc. Atonio v. Wards Cove Packing Co., Inc., 810 F.2d 1477, 1479 (9th Cir. 1987) (en banc).  We decline to read our circuit rules in such a draconian fashion here, where the only "conflict" concerns the formatting of a citation, akin to a typographical error.  If an opinion erroneously cited a precedent as having been decided in 1998, and other opinions correctly cited the date of the precedent as 1989, we would not invoke our en banc authority to resolve the "conflict."  Similarly, here, the clear error in citation formatting in a few opinions does not present a true conflict that requires us to call for rehearing en banc.  Cf. Blanton v. Anzalone, 813 F.2d 1574, 1577 nn.1–2 (9th Cir. 1987) (describing clerical mistakes by trial courts that may be corrected pursuant to Federal Rule of Civil Procedure 60(a) as "blunders in execution").

join the Fifth Circuit in relying on Cotton to hold that an error in procuring a knowing and voluntary waiver of indictment is "nonjurisdictional and [is] therefore waived by [the defendant's] subsequent guilty plea." United States v. Daughenbaugh, 549 F.3d 1010, 1012–13 (5th Cir. 2008). "[B]ecause criminal defendants may waive the right to grand jury indictment, see Fed. R. Crim. P. 7(b), a failure to actually secure such a waiver does not affect a district court's power to hear a case." Id. at 1012. Defendant's unconditional guilty plea, therefore, waived his right to appeal any defect in the antecedent waiver of indictment.

B. The Sentence Was Substantively Reasonable.

We review for abuse of discretion the substantive reasonableness of a sentence. United States v. Carty, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). On appeal, Defendant does not challenge the accuracy of the district court's Guidelines calculation, which yielded a range of 63–78 months of imprisonment. Rather, he challenges only the substantive reasonableness of the 41-month sentence in view of his family circumstances.

The district court expressly acknowledged and listed the statutory factors under 18 U.S.C. § 3553(a). The court took into account that Defendant's stated family reason for coming back to the United States was sincere and also observed that Defendant had overcome an addiction to methamphetamine. Those factors persuaded the court that a downward variance was warranted. And the court imposed the sentence that Defendant himself had requested. We see no abuse of discretion.

**APPEAL DISMISSED IN PART and AFFIRMED IN PART.**