**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 31, 2013

No. 12-30955
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STEVEN WEATHERSBY,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CR-265-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Steven Weathersby appeals his convictions and sentences for two counts of distribution of cocaine hydrochloride and one count of distribution of 28 grams or more of cocaine base. He asserts that his convictions and sentences for two separate counts of distribution of cocaine hydrochloride and cocaine base on the same date to the same person violate the Double Jeopardy Clause. Because he did not challenge the indictment on this ground in a pretrial motion, he waived a claim challenging the multiplicity of the convictions. *See United States v.*

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Dixon*, 273 F.3d 636, 642 (5th Cir. 2001); *United States v. Marroquin*, 885 F.2d 1240, 1245 (5th Cir. 1989). Weathersby, however, may challenge the multiplicity of his sentences for the first time on appeal. *See Dixon*, 273 F.3d at 642. Because he did not raise this argument in the district court, review is limited to plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

The district court's imposition of multiple sentences for two simultaneous offenses involving the distribution of cocaine hydrochloride and distribution of cocaine base did not constitute plain error. Cocaine hydrochloride and cocaine base are chemically different, and Congress has long treated them differently for sentencing purposes. *DePierre v. United States*, 131 S. Ct. 2225, 2228-29 (2011). Because Congress has enacted statutes that separately punish these acts, there is no double jeopardy violation. *See United States v. Smith*, 354 F.3d 390, 398 (5th Cir. 2003); *see also United States v. Davis*, 656 F.2d 153, 159 (5th Cir. 1981). Therefore, multiple sentences for the distribution of cocaine hydrochloride and the distribution of cocaine base are not multiplicitous. *See Davis*, 656 F.2d at 159; *see also Smith*, 354 F.3d at 398-400. The district court's imposition of multiple sentences for these offenses did not constitute plain error. *See Puckett*, 556 U.S. at 135.

According to Weathersby, the district court made a significant procedural error in that it improperly treated a single violation of § 841 as two offenses. He is effectively reasserting his argument that the sentences are multiplicitous. As discussed above, this argument lacks merit. Because he has not identified any other error in the district court's calculation of the advisory guidelines range, he has not shown that the district court committed a significant procedural error in determining his sentence. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Finally, Weathersby argues that the sentence imposed by the district court was substantively unreasonable because the district court did not give sufficient weight to his difficult childhood and because the career offender guideline

overstated the seriousness of his offense and the amount of prison time necessary to provide just punishment and adequate deterrence.

The sentence imposed by the district court was within the advisory guidelines range and, therefore, was presumptively reasonable. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). The district court considered Weathersby's arguments for a lesser sentence based on his difficult childhood, as well as his criminal history and characteristics and the 18 U.S.C. § 3553(a) factors. The district court noted that he had seven prior convictions, he was serving a term of probation when he committed the instant offense, he had a history of substance abuse, and he had almost no work history. The district court did not find that his history and characteristics were so atypical that his case was distinguishable from typical career offender guideline cases in view of the § 3553(a) factors. Weathersby is essentially asking this court to reweigh the § 3553(a) factors, which we should not do. His arguments are insufficient to rebut the presumption of reasonableness. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010) (finding that defendant's disagreement with propriety of sentence did not suffice to rebut presumption of reasonableness that attaches to within-guidelines sentence); *United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008) (finding various arguments for a non-guidelines sentence presented no reason to disturb the presumption of reasonableness).

AFFIRMED.