# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30845
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 23, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

MANUEL OMAR MINJAREZ,

Defendant–Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CR-172-1

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Manuel Minjarez pleaded guilty of conspiracy to distribute and possess

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

with intent to distribute 500 grams or more of methamphetamine and of use of a communications facility to commit a drug crime and was sentenced, within the guideline range, to 151 months of imprisonment and six years of supervised release.

Minjarez appeals the pretrial order on the admissibility of certain evidence and the denial of his motion to transfer the case to another district for convenience under Federal Rule of Criminal Procedure 21(b).  A voluntary and unconditional guilty plea waives all nonjurisdictional defects.  *United States v. Daughenbaugh*, 549 F.3d 1010, 1012 (5th Cir. 2008).  The waiver encompasses the pretrial evidentiary and venue rulings here.  *See United States v. Sealed Appellant*, 526 F.3d 241, 242–43 (5th Cir. 2008); *United States v. Sevick*, 234 F.3d 248, 250–51 (5th Cir. 2000).

Although a defendant may enter a conditional plea and reserve the right to appeal pretrial rulings, the plea must be made in writing, must have the consent of the prosecution and approval of the court, and must explicitly designate the issues being preserved for appeal.  FED. R. CRIM. P. 11(a)(2); *United States v. Wise*, 179 F.3d 184, 186-87 (5th Cir. 1999).  We have excused variances from the technical requirements of Rule 11(a)(2) where "the record clearly indicates that the defendant intended to enter a conditional guilty plea, that the defendant expressed the intention to appeal a particular pretrial ruling, and that neither the government nor the district court opposed such a plea."  *United States v. Stevens*, 487 F.3d 232, 238 (5th Cir. 2007) (internal quotation marks and citation omitted).

Although Minjarez concedes that he cannot meet the formal requirements of Rule 11(a)(2), he maintains that he preserved an appeal of the pretrial rulings because his guilty plea satisfied the spirit of Rule 11(a)(2) in that the parties and the court acknowledged, at his rearraignment hearing, that he was

not waiving any appellate rights.  Minjarez's argument is unavailing.  The re-arraignment hearing contains no manifestation of any reservation of the right to appeal the rulings.  The discussion recognizing that Minjarez retained the right to appeal does not show that he retained appellate rights beyond those ordinarily afforded to any defendant who pleads guilty unconditionally without a plea agreement, such as the right to appeal the voluntariness of his guilty plea or the procedural and substantive reasonableness of his sentence.  Minjarez waived the right to appeal the pretrial rulings by entering an unconditional guilty plea, so we do not consider the merits of those challenges.  *See Stevens*, 487 F.3d at 238–40.

Minjarez questions the substantive reasonableness of the sentence, contending that the court should have varied downward from the guideline range in light of Minjarez's troubled upbringing and longstanding struggle with drug addiction.  The substantive reasonableness of a sentence is reviewed under an abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 51 (2007).

Because the sentence is within the advisory guidelines range, it is presumptively reasonable.  *See United States v. Washington*, 480 F.3d 309, 314 (5th Cir. 2007).  That presumption "is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors."  *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The district court considered Minjarez's request for a lesser sentence based on the 18 U.S.C. § 3553(a) factors, including the death of his father, his troubled childhood environment, and his drug problem, but the court determined that a 151-month sentence—the bottom of the guideline range—was appropriate.  "[T]he sentencing judge is in a superior position to find facts and

No. 15-30845

judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Minjarez has not rebutted the presumption of reasonableness. *See Washington*, 480 F.3d at 314.

The judgment of conviction and sentence is AFFIRMED.