# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 29, 2021

Lyle W. Cayce
Clerk

No. 20-10529

United States of America,

*Plaintiff—Appellee*,

*versus*

Richard Lee Burney,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:19-CR-129-1

Before King, Smith, and Haynes, *Circuit Judges*.

Jerry E. Smith, *Circuit Judge*:

Richard Burney claims that his sentence for wire fraud is substantively unreasonable because the district court improperly considered his socio-economic status. But the court considered only Burney's good childhood and upbringing, not the objective criteria that determine his current status in society. These factors are not part of Burney's socioeconomic status, so we affirm.

I.

Burney pleaded guilty of wire fraud in violation of 18 U.S.C. § 1343.

No. 20-10529

Based on the severity of the offense, Burney's acceptance of responsibility, and his criminal history, the presentence investigation report calculated a guideline range of twelve to eighteen months. Burney asked for a sentence at the bottom of that range.

The district court, however, believed that an upward variance was needed to comply with the purposes of punishment in 18 U.S.C. § 3553(a), so it sentenced Burney to sixty months. The court considered numerous factors, including the seriousness of Burney's offense, the vulnerability of some of his victims, that his criminal history points didn't fully account for the severity of his criminal past, the failure of previous lenient sentences to deter Burney's continued criminality, and the need to protect the public from any future crimes.

> At issue is an additional factor the court considered. It said,
>
> Something else about your history struck me here. I see a lot of defendants in this court who basically never had a chance. Both their parents abused them, things that I just won't tell you, just awful, awful, awful things. Grew up in abject poverty, grew up surrounded by violence, and so they—you know, they either take solace in drugs or they resort to violence themselves. And they're accountable for it. We all make our own choices. But it's understandable.
>
> You didn't have that kind of upbringing. You should know better. Your father is a retired deputy sheriff. Your mother is a retired probation officer. You had a good childhood. Nobody is perfect. No childhood was perfect. But you had opportunities that other people in this court often didn't have, and I have taken that into consideration.

Burney did not object to the court's considering those facts. He appeals his sentence as substantively unreasonable on the ground that that statement reflects the prohibited consideration of his socioeconomic status.

## II.

When a defendant preserves his objection to the reasonableness of a sentence, review is "for an abuse of discretion, examining the totality of the circumstances." *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013) (citation omitted). But "[w]hen the defendant fails to bring a sufficient objection to the attention of the district court," review is for plain error only. *Id.* at 326. Burney and the government agree that review is for plain error. Because Burney cannot prevail even on abuse of discretion review, however, we will assume that is the proper standard. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

A sentence outside the guideline range is substantively unreasonable "where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). Burney advances the second reason.

"It is well-established that a defendant's socio-economic status is never relevant to sentencing." *United States v. Chandler*, 732 F.3d 434, 438 (5th Cir. 2013) (cleaned up). Conversely, "highly relevant—if not essential—to the selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics." *Pepper v. United States*, 562 U.S. 476, 488 (2011) (cleaned up). Thus, "[n]o limitation shall be placed on the information concerning the background . . . of a person convicted of an offense," 18 U.S.C. § 3661, but the sentencing guidelines, at least, should be "entirely neutral as to the . . . socio-economic status of offenders," 28 U.S.C. § 994(d).

Courts must therefore differentiate between facts about a defendant that comprise his socioeconomic status and those that make up his back-

No. 20-10529

ground. That is not always easy.[1] "'[S]ocioeconomic' status refers to 'an individual's status in society as determined by *objective* criteria such as education, income, and employment; it does not refer to the *particulars* of an individual life.'"[2]

The district court, in essence, considered Burney's "good childhood" and upbringing in justifying the upward variance. It considered that he did not grow "up in abject poverty" or "surrounded by violence," and it considered his parents' occupations.

Those considerations do not constitute his socioeconomic status; they are part of his background. A defendant's childhood economic conditions, as opposed to his current ones, are generally not part of the defendant's socioeconomic status.[3] Nor is considering the occupation of the defendant's parents, as distinguished from that of the defendant himself. To the contrary, an "unusually disadvantaged childhood" has been noted as a potential mitigating circumstance. *Spears v. United States*, 555 U.S. 261, 263 (2009) (per curiam) (citation omitted). And we've approved sentences that we held adequately considered that mitigating factor.[4] Though it's certainly more

---

[1] *See United States v. Peltier*, 505 F.3d 389, 393 (5th Cir. 2007) (noting that the defendant's financial resources and ability to get drug treatment were entwined), *abrogated on other grounds by Holguin-Hernandez*, 140 S. Ct. 762, 766 (2020).

[2] *Aponte v. U.S. Parole Comm'n*, No. 99-60775, 2000 WL 992506, at *2 n.3 (5th Cir. 2000) (per curiam) (quoting *United States v. Lopez*, 938 F.2d 1293, 1297 (D.C. Cir. 1991)) (emphasis in original).

[3] In *United States v. Hatchett*, 923 F.2d 369, 372, 375 (5th Cir. 1991), we held that the district court erred in considering the defendant's "material advantages" while growing up. But that was in the context of a young defendant still generally living with those advantages, not a grown adult far removed from them. *Id.* at 372.

[4] *See, e.g.*, *United States v. Duke*, 788 F.3d 392, 398 (5th Cir. 2015) (per curiam); *United States v. Minjarez*, 667 F. App'x 144, 145–46 (5th Cir. 2016) (per curiam); *United States v. Weathersby*, 524 F. App'x 987, 989 (5th Cir. 2013) (per curiam).

No. 20-10529

unusual for a defendant's *good* childhood to be considered an aggravating factor, those decisions still suggest that such considerations are part of a defendant's background, not his socioeconomic status.

AFFIRMED.