# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 23, 2021

Lyle W. Cayce
Clerk

No. 20-40722
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

NEHEMIAS PORTILLO-GARCIA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:19-CR-2274-1

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Nehemias Portillo-Garcia appeals the sentence imposed following his conviction for being an alien who had previously been removed and was found in the United States in violation of 8 U.S.C. § 1326(a) and (b)(2). He argues that his 35-month above-guidelines sentence of imprisonment is

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

substantively unreasonable because it was the result of a clear error of judgment in balancing the sentencing factors. He contends that the sentence was too harsh and failed to reflect that his sole prior conviction occurred nearly 15 years ago, he did not return to the United States for over ten years after his removal to Guatemala following that prior conviction, he had a productive life in Guatemala, and his instant conviction was his only immigration-related offense.

Portillo-Garcia and the Government disagree on whether our review is for plain error or abuse of discretion. "Because [Portillo-Garcia] cannot prevail even on abuse of discretion review, however, we will assume that is the proper standard." *United States v. Burney*, 992 F.3d 398, 400 (5th Cir. 2021). In considering whether the district court abused its discretion, we consider "the totality of the circumstances, including the extent of any variance from the Guidelines range, to determine whether, as a matter of substance, the sentencing factors in [18 U.S.C.] section 3553(a) support the sentence." *United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012) (internal quotation marks and citations omitted). A non-guidelines sentence will be found substantively unreasonable when it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). "In making this determination, we must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gerezano-Rosales*, 692 F.3d at 401 (internal quotation marks and citation omitted).

The record shows that the district court gave due consideration to the § 3553(a) factors and emphasized the need to protect the public, deter Portillo-Garcia's future criminal conduct, and keep Portillo-Garcia from returning to the United States. Accordingly, Portillo-Garcia has not shown

No. 20-40722

that his sentence is substantively unreasonable. *See Smith*, 440 F.3d at 708. Moreover, the extent of the variance is similar to others we have affirmed. *See United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008); *United States v. Lopez-Velasquez*, 526 F.3d 804, 805, 807 (5th Cir. 2008); *Smith*, 440 F.3d at 708-10.

AFFIRMED.