# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 1, 2021

Lyle W. Cayce
Clerk

No. 21-10239
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MIKEAL RYKI BRIONES,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CR-273-1

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

Mikeal Ryki Briones appeals the 120-month sentence imposed following his guilty plea conviction for being a felon in possession of a firearm. Although his advisory guidelines range was 57 to 71 months of imprisonment,

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-10239

the district court varied upwardly to the statutory maximum. Briones challenges the procedural and substantive reasonableness of his sentence.

First, Briones argues that the district court imposed a procedurally unreasonable sentence by failing to adequately explain the reasons for the upward variance. As Briones concedes, he failed to object to his sentence on this basis in the district court. Thus, we review for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 362-64 (5th Cir. 2009). At sentencing, the district court determined that an upward variance was warranted based upon the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence to reflect the seriousness of the offense, to afford adequate deterrence, and to protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a). The district court's reasons were sufficient. *See Rita v. United States*, 551 U.S. 338, 356 (2007). Accordingly, Briones has not demonstrated that the district court clearly or obviously erred. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Second, Briones contends that his sentence is substantively unreasonable, because the district court improperly relied upon a factor that was already accounted for in the advisory guidelines range, his criminal history. Because Briones properly preserved his challenge to the reasonableness of his sentence, we review for an abuse of discretion. *See United States v. Burney*, 992 F.3d 398, 399-400 (5th Cir. 2021). In imposing a non-guidelines sentence, a district court may consider factors already taken into account by the Sentencing Guidelines, including a defendant's criminal history. *United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008). Accordingly, our review of the record does not reveal that the district court gave significant weight to an irrelevant or improper factor or otherwise abused its discretion by failing to account for a factor that should have received significant weight or committing a clear error of judgment in

No. 21-10239

balancing the § 3553(a) factors. *See Burney*, 992 F.3d at 400. Moreover, as to the extent of the departure, this court has upheld proportionately similar and greater upward variances. *See United States v. Jones*, 444 F.3d 430, 433, 441-43 (5th Cir. 2006).

Accordingly, the judgment of the district court is AFFIRMED.