# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 11, 2022

Lyle W. Cayce
Clerk

No. 21-50089
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BRAYSHON NEGALE CUMMINGS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:20-CR-98-1

Before HIGGINBOTHAM, HIGGINSON, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Brayshon Negale Cummings appeals the 120-month sentence imposed following his guilty plea conviction for being a felon in possession of a firearm. Although his advisory guidelines range was 41 to 51 months of imprisonment, the district court upwardly varied to the statutory maximum.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50089

Cummings challenges the procedural and substantive reasonableness of his sentence.

First, Cummings argues that the district court imposed a procedurally unreasonable sentence by never once mentioning his background and history and for failing to adequately explain the reasons for the upward variance. As Cumming concedes, he failed to object to his sentence on this basis in the district court. Thus, we review for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361–64 (5th Cir. 2009). The district court's reasons for imposing the above-guidelines sentence were sufficient and there is nothing to indicate that the court failed to consider the factors as Cummings suggests. *See United States v. Fraga*, 704 F.3d 432, 438–39 (5th Cir. 2013); *see also Gall v. United States*, 552 U.S. 38, 50 (2007). Further, he has not argued, much less demonstrated, that a more detailed explanation would have resulted in a lesser sentence. *See Mondragon-Santiago*, 564 F.3d at 361, 364–65. He thus fails to show reversible plain error. *See id.* at 365.

Second, Cummings contends that his sentence is substantively unreasonable, because the district court failed to account for a factor—the history and characteristics of the defendant—that should have received significant weight and imposed a sentence that reflects a clear error of judgment in balancing the sentencing factors. Because Cummings properly preserved his challenge to the reasonableness of his sentence, we review for abuse of discretion. *See United States v. Burney*, 992 F.3d 398, 399–400 (5th Cir. 2021). Our review of the record does not reveal that the sentence imposed fails to account for a factor that should have received significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing the sentencing factors. *See id.* Moreover, as to the extent of the variance, this court has upheld proportionately similar and greater upward variances. *See United States v. Smith*, 417 F.3d 483, 492–93 (5th Cir. 2005).

No. 21-50089

The judgment of the district court is AFFIRMED and REMANDED to correct a clerical error in the written judgment in accordance with Federal Rule of Criminal Procedure 36. The written judgment states that Cummings was convicted of violating "18 U.S.C. §§ 922(g)(1) and 922(a)(2)" rather than 18 U.S.C. §§ 922(g)(1) and 924(a)(2).