# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 6, 2023

Lyle W. Cayce
Clerk

No. 22-20302
Summary Calendar

Uɴɪᴛᴇᴅ Sᴛᴀᴛᴇs ᴏғ Aᴍᴇʀɪᴄᴀ,

*Plaintiff—Appellee*,

*versus*

Tᴀʀᴇᴋ Kᴇɪᴏɴᴛᴇ Sᴏɴɴɪᴇʀ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CR-594-2

Before Sᴍɪᴛʜ, Sᴏᴜᴛʜᴡɪᴄᴋ, and Dᴏᴜɢʟᴀs, *Circuit Judges.*

Pᴇʀ Cᴜʀɪᴀᴍ:[*]

Tarek Sonnier appeals his 24-month sentence for stealing or reproducing post office keys and for theft of mail. Although the advisory guidelines range was 8 to 14 months of imprisonment, the district court applied an upward variance to 24 months. Sonnier challenges the procedural and substantive reasonableness of his sentence.

---

[*] This opinion is not designated for publication. *See* 5ᴛʜ Cɪʀ. R. 47.5.

First, Sonnier contends that the district court imposed a procedurally unreasonable sentence by failing adequately to explain the reasons for the upward variance. Sonnier failed to object to his sentence on this basis in the district court, so we review for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 362–64 (5th Cir. 2009).

Even if the court had committed a clear or obvious error in failing adequately to explain, Sonnier has not shown that his substantial rights were affected. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To show that the error affected his substantial rights, Sonnier must establish that it "affected the outcome in the district court." *Mondragon-Santiago*, 564 F.3d at 364. To do so, he "must demonstrate a probability sufficient to undermine confidence in the outcome." *Id.* (internal quotation marks and citation omitted). Because there is no indication that the court would have imposed a shorter sentence if it had sufficiently articulated its reasons for the variance, Sonnier has not shown that his substantial rights were affected. *See id.* at 364–65.

Second, Sonnier maintains that the sentence is substantively unreasonable because he disagrees with the district court's weighing of the sentencing factors. Because Sonnier properly preserved his challenge to reasonableness, we review for abuse of discretion. *See United States v. Burney*, 992 F.3d 398, 399–400 (5th Cir. 2021). In imposing a non-guidelines sentence, a district court may consider factors already taken into account by the Sentencing Guidelines, including criminal history. *United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008). Our review of the record does not reveal that the district court gave significant weight to an irrelevant or improper factor or otherwise abused its discretion by failing to account for a factor that should have received significant weight or by committing a clear error of judgment in balancing the § 3553(a) factors. *See Burney*, 992 F.3d at 400. Moreover, as to the extent of the departure, this court has upheld propor-

No. 22-20302

tionately similar and greater upward variances. *See United States v. Jones*, 444 F.3d 430, 433, 441–43 (5th Cir. 2006).

Accordingly, the judgment is AFFIRMED.