# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 22-50683
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
March 28, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Alfredo Perez,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:21-CR-111-1

———————————————————————

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

Jose Alfredo Perez appeals his 100-month sentence for possessing a firearm as a convicted felon.  Although the advisory guidelines range was 30 to 37 months of imprisonment, the district court applied an upward variance to 100 months of imprisonment.  Perez challenges the procedural and substantive reasonableness of his sentence.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

First, Perez argues that the district court imposed a procedurally unreasonable sentence by failing to adequately explain the reasons for the upward variance. Perez failed to object to his sentence on this basis in the district court. Thus, we review for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 362-64 (5th Cir. 2009). Even if the district court had committed a clear or obvious error in failing to adequately explain the sentence, Perez has not shown that his substantial rights were affected. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To show that the error affected his substantial rights, Perez must show that the error "affected the outcome in the district court." *Mondragon-Santiago*, 564 F.3d at 364. To do so, he "must demonstrate a probability sufficient to undermine confidence in the outcome." *Id.* (internal quotation marks and citation omitted). Since there is no evidence that the district court would have imposed a shorter sentence if it had further articulated its reasons for the variance, Perez has not shown that his substantial rights were affected. *See id.* at 364-65.

Second, Perez contends that his sentence is substantively unreasonable because it creates an unwarranted disparity between him and similarly situated defendants. Because Perez properly preserved his challenge to the reasonableness of his sentence, we review for an abuse of discretion. *See United States v. Burney*, 992 F.3d 398, 399-400 (5th Cir. 2021). In imposing a non-guidelines sentence, a district court may consider factors already taken into account by the Sentencing Guidelines, including a defendant's criminal history. *United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008). Our review of the record does not reveal that the district court gave significant weight to an irrelevant or improper factor or otherwise abused its discretion by failing to account for a factor that should have received significant weight or committing a clear error of judgment in balancing the § 3553(a) factors. *See Burney*, 992 F.3d at 400. Moreover, as

No. 22-50683

to the extent of the variance, this court has upheld proportionately similar upward variances. *See, e.g.*, *United States v. Jones*, 444 F.3d 430, 433, 441-43 (5th Cir. 2006).

Accordingly, the judgment of the district court is AFFIRMED.