# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 14, 2023

Lyle W. Cayce
Clerk

No. 22-40431
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Henry Lamar Ross,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:20-CR-19-1

_____

Before Smith, Southwick, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Henry Ross was convicted of possessing a firearm and ammunition after a felony conviction and was sentenced to 80 months, above the advisory guideline range of 51 to 63 months. On appeal, Ross maintains that the sentence is procedurally and substantively unreasonable, and he asks us to view a purported deficiency in the trial transcript as prejudicial.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Sentences are generally reviewed for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). Although Ross concedes that some of his sentencing arguments are unpreserved, and therefore subject to plain-error review, we need not address that point because the standard of review is not dispositive. *See United States v. Burney*, 992 F.3d 398, 400 (5th Cir. 2021). We review a district court's application of the guidelines *de novo* and its factual findings for clear error. *United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016).

Ross contends there was insufficient evidence to support findings at sentencing that he was on parole at the time of the offense and that a substance found in a backpack was marihuana. When presented with facts that "have an adequate evidentiary basis with sufficient indicia of reliability," a sentencing court may adopt them without further inquiry if the defendant "does not present rebuttal evidence or otherwise demonstrate" that the information is unreliable. *United States v. Trujillo*, 502 F.3d 353, 357 (5th Cir. 2007) (internal quotation marks and citation omitted). Because Ross has not shown that statements about his parole history in the presentence report were false or unreliable, he fails to establish that the district court erred by accepting those statements. *See United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012). Ross also has not shown that it was clearly erroneous for the court to conclude that evidence presented at trial sufficiently proved that the substance in the backpack was marihuana. *See Trujillo*, 502 F.3d at 357.

A non-guideline sentence is substantively unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Burney*, 992 F.3d at 400 (internal quotation marks and citation omitted). Ross contends that because his criminal history was already reflected in the guideline range, it was improper for the court to rely on that history to support an above-

guidelines sentence.  He is mistaken.  *See United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008).

Ross's final claim concerns the trial transcript.  At one point, the transcript states that the superseding indictment was read in open court; the reading itself is not transcribed.  Although Ross describes that as a significant omission and asks us to view it as presumptively prejudicial, he makes no showing of prejudice.  There is also no indication that Ross sought to correct any material omissions or misstatements in the record.  *See* Fed. R. App. P. 10(e).  Nor does he offer any excuse for failing to do so.  We accordingly decline to consider this claim.  *See United States v. Hinojosa*, 958 F.2d 624, 632–33 (5th Cir. 1992); *see also Richardson v. Henry*, 902 F.2d 414, 415–16 (5th Cir. 1990); *Buckelew v. United States*, 575 F.2d 515, 519–20 (1978).

AFFIRMED.