# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 25, 2023

No. 23-60009
Summary Calendar

Lyle W. Cayce
Clerk

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Abel Michua-Tototzin,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:22-CR-79-1

_____

Before Barksdale, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Abel Michua-Tototzin contests his jury-trial conviction and sentence for: conspiracy to unlawfully bring an alien to, or transport an alien within, the United States; unlawful transportation of an alien within the United States; and illegal reentry after removal, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(i), (ii), (v)(I), and 1326(a).

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Michua presents two issues each, regarding his conviction and sentence. For the former, he maintains the court erred by denying his challenge pursuant to *Batson v. Kentucky*, 476 U.S. 79 (1986), and admitting audio recordings and their translations; for the latter, it erred by calculating the Guidelines range, and imposing a substantively unreasonable sentence. Each issue fails.

Regarding the *Batson* challenge, the "trial court's decision on the ultimate question of discriminatory intent represents a finding of fact of the sort accorded great deference on appeal"; our court reviews for clear error. *Hernandez v. New York*, 500 U.S. 352, 364 (1991) (discussing *Batson*, 476 U.S. at 98 n.21); *United States v. Williamson*, 533 F.3d 269, 274 (5th Cir. 2008) (discussing standard of review).

The record supports the Government's proffered reasons for striking an Hispanic member of the venire; in short, Michua fails to show they were pretextual for purposeful discrimination. *E.g.*, *United States v. Thompson*, 735 F.3d 291, 296–99 (5th Cir. 2013) (denying contention Government's justification was pretextual); *Davis v. Ayala*, 576 U.S. 257, 278 (2015) ("It is understandable for a prosecutor to strike a potential juror who might have difficulty understanding English." (citation omitted)); *Miller-El v. Dretke*, 545 U.S. 231, 241 (2008) (discussing side-by-side comparisons). There was no clear error. *See Thompson*, 735 F.3d at 296.

Concerning the admission of the audio recordings and their translations, Michua asserts the Government failed to establish they were admissible under the co-conspirator hearsay exception. *See* Fed. R. Evid. 801(d)(2)(E). Preserved evidentiary rulings are reviewed for abuse of discretion, subject to a harmless-error analysis. *E.g.*, *United States v. Sanjar*, 876 F.3d 725, 738 (5th Cir. 2017). Michua arguably did not raise the co-conspirator issue in district court. If so, review would be only for plain error.

*E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). We need not decide whether the issue was preserved; it fails under either standard of review.

The record supports the court's concluding the Government met its burden to establish the admissibility of the recordings and translations by a preponderance of the evidence. *E.g.*, *United States v. Nelson*, 732 F.3d 504, 516 (5th Cir. 2013) (discussing requirements for co-conspirator exception); *United States v. Jones*, 873 F.3d 482, 496 (5th Cir. 2017) ("But his statements during these calls were admissions of a party opponent . . . , and the other call participants' statements were admissible to provide context."); *United States v. Chon*, 713 F.3d 812, 818 (5th Cir. 2013) (discussing conspiracy requirements). There was no abuse of discretion.

Next addressed are Michua's two sentencing issues. The court calculated Michua's advisory Sentencing Guidelines range to be 37 to 46-months' imprisonment but varied above that range and sentenced him, *inter alia*, to 54 months of imprisonment.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

For his first of he two sentencing issues, Michua contends the court erred procedurally by failing to reduce his offense level according to

Guideline § 2L1.1(b)(1)(A), which applies if "the offense was committed other than for profit".

Even assuming there is no direct evidence he profited personally, there is evidence his conspiracy offense was committed for profit. *See* Guideline §§ 2L1.1(b)(1), 1B1.3. Therefore, the denial of the reduction was not erroneous. *See United States v. Odom*, 694 F.3d 544, 546–47 (5th Cir. 2012); *United States v. Chacon*, 742 F.3d 219, 220 (5th Cir. 2014) (noting our court may affirm on any basis supported by the record). Additionally, to the extent they are challenged, the court did not err by imposing the other offense-level enhancements. *See Odom*, 694 F.3d at 546–47.

For the last of the two sentencing issues—the substantive reasonableness of the above-Guidelines sentence—and as discussed *supra*, review is for abuse of discretion. Michua's contentions fail to show the court did not consider a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or clearly erred in balancing the factors. *E.g.*, *United States v. Burney*, 992 F.3d 398, 400 (5th Cir. 2021).

AFFIRMED.