# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-10069
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
October 4, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Eugenio Pavon-Rivera,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:22-CR-59-1

_____

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam:[*]

Jose Eugenio Pavon-Rivera appeals his 48-month sentence for illegal reentry. Although the advisory guidelines range was 8 to 14 months of imprisonment, the district court applied an upward variance to 48 months of

_____

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

imprisonment.  Pavon-Rivera challenges the substantive reasonableness of his sentence.

Pavon-Rivera contends that his sentence is substantively unreasonable because it demonstrates that the district court clearly erred in its balancing of the sentencing factors considering Pavon-Rivera's history and characteristics.  Because Pavon-Rivera properly preserved his challenge to the reasonableness of his sentence, we review for an abuse of discretion.  *See United States v. Burney*, 992 F.3d 398, 399-400 (5th Cir. 2021).  In imposing a non-guidelines sentence, a district court may consider factors already taken into account by the Sentencing Guidelines, including a defendant's criminal history.  *United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008).  Our review of the record does not reveal that the district court gave significant weight to an irrelevant or improper factor or otherwise abused its discretion by failing to account for a factor that should have received significant weight or committing a clear error of judgment in balancing the § 3553(a) factors.  *See Burney*, 992 F.3d at 400.  Moreover, as to the extent of the variance, this court has upheld proportionately similar upward variances.  *See, e.g.*, *United States v. Jones*, 444 F.3d 430, 433, 441-43 (5th Cir. 2006).

Pavon-Rivera also argues that 8 U.S.C. § 1326(b) is unconstitutional because it permits a sentence above the otherwise applicable statutory maximum based on facts that were not alleged in the indictment or found by a jury beyond a reasonable doubt.  As Pavon-Rivera concedes, his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).  *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019).

Accordingly, the judgment of the district court is AFFIRMED.