# United States Court of Appeals for the Fifth Circuit

———————

No. 23-10943
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

May 8, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

John Edward Porter,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CR-142-1

———————————————————

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

John Edward Porter was convicted of possessing a firearm after a felony conviction and sentenced to an above-guidelines term of 77 months in prison with three years of supervised release. On appeal, he argues his sentence is substantively unreasonable because the district court made a clear error of judgment in balancing the 18 U.S.C. § 3553(a) factors by taking the

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

question of his responsibility for a shooting committed with one of the firearms he possessed and reducing it to the fact of but-for causation.

We review a sentence for substantive reasonableness by considering "the totality of the circumstances," and in doing so "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent" of any variance. *Gall v. United States*, 552 U.S. 38, 51 (2007). This review is "highly deferential." *United States v. Fraga*, 704 F.3d 432, 439 (5th Cir. 2013) (internal quotation marks and citation omitted). However, if a non-guidelines sentence "represents a clear error of judgment in balancing the sentencing factors," it is unreasonable. *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). The Government contends that Porter did not preserve his argument, but we assume he did and review for abuse of discretion. *See United States v. Burney*, 992 F.3d 398, 399-400 (5th Cir. 2021).

According to Porter, clearly erroneous reasoning is apparent in the district court's sentencing explanation. We disagree. The district court cited several grounds for its upward variance, one of which was the causal connection between Porter's possession of a firearm and its use in a fatal shooting. The Government had emphasized that connection and in doing so correctly noted that relevant conduct under the Guidelines includes harm that resulted from an offense, a standard this court has interpreted as requiring but-for causation. *See* U.S.S.G. § 1B1.3(a)(3); *United States v. Ramos-Delgado*, 763 F.3d 398, 402 (5th Cir. 2014). None of this shows that the district court viewed but-for causation as the *only* point that mattered in weighing the significance of the shooting. Because the record does not support Porter's argument, his claim fails. *See Gall*, 552 U.S. at 51.

AFFIRMED.