# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-30290
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

May 27, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Ivan Ballard,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:23-CR-118-1

---

Before Jolly, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Ivan Ballard pleaded guilty to possession of a firearm following a felony conviction, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Ballard above the sentencing guidelines range to 60 months of imprisonment and three years of supervised release.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-30290

On appeal, Ballard argues that the district court procedurally erred by failing to adequately explain its reasons for the imposed sentence. He also challenges the substantive reasonableness of his sentence. We pretermit a full discussion of the standard of review, because Ballard's claims fail even under the less deferential standard of review. *See United States v. Burney*, 992 F.3d 398, 399-400 (5th Cir. 2021).

As to his claim of procedural error, this is not a case where the sentencing judge "did not mention any [18 U.S.C. § 3553] factors at all and did not give any reasons for its sentence beyond a bare recitation of the Guideline's calculation." *United States v. Fraga*, 704 F.3d 432, 439 (5th Cir. 2013) (internal quotation marks and citation omitted). The district court's sentencing explanation was sufficient to show that the court had a reasoned basis for exercising its own legal decisionmaking authority. *See Rita v. United States*, 551 U.S. 338, 356 (2007).

As to Ballard's claim of substantive reasonableness, he does not show that the district court failed to consider a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or clearly erred in balancing the factors. *See United States v. Gerezano-Rosales*, 692 F.3d 393, 400-01 (5th Cir. 2012). And, as to the extent of the variance, the district court likewise did not abuse its discretion. *See, e.g.*, *United States v. Key*, 599 F.3d 469, 475-76 (5th Cir. 2010).

Last, Ballard argues, and the Government agrees, the written judgment conflicts with the court's oral pronouncement at the sentencing hearing with respect to a condition of supervised release. As the alleged conflict first appeared in the written judgment such that Ballard did not have the opportunity to object in the district court, we review for abuse of discretion. *See United States v. Baez-Adriano*, 74 F.4th 292, 298 (5th Cir. 2023).

No. 24-30290

In its oral pronouncement, the district court adopted a search condition requiring the search to be (1) based on "reasonable suspicion" that Ballard had violated a release condition and (2) "conducted at a reasonable time and in a reasonable manner." The written judgment, however, fails to include any of those reasonableness limitations. Thus, the written judgment rendered the condition more burdensome and created a conflict with the oral pronouncement. *See United States v. Prado*, 53 F.4th 316, 318 (5th Cir. 2022).

Accordingly, the district court's judgment is AFFIRMED in part, VACATED in part, and REMANDED to the district court for the limited purpose of amending the judgment to conform with the oral pronouncement as outlined above.