# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 18, 2025

Lyle W. Cayce
Clerk

No. 25-40055

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Christopher David Yoes,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:23-CR-103-1

_____

Before Wiener, Engelhardt, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Christopher David Yoes pled guilty to possession of a firearm following conviction of a felony offense. Yoes now appeals the district court's 120-month sentence. He claims the sentence was substantively unreasonable because the reasons the district court identified in support of an upward variance were already accounted for by the Sentencing Guidelines. Because Yoes's sentence is not substantively unreasonable, we affirm.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-40055

Yoes requested a sentence within the advisory Guidelines range, so he preserved his challenge to the substantive reasonableness of his sentence. *See Holguin-Hernandez v. United States*, 589 U.S. 169, 173–74 (2020). When a defendant preserves such a challenge, we review for abuse of discretion. *United States v. Burney*, 992 F.3d 398, 399 (5th Cir. 2021). A non-Guidelines sentence is substantively unreasonable "where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Id.* at 400 (internal quotation marks and citation omitted). In reviewing a non-Guidelines sentence for substantive reasonableness, this court considers the "totality of the circumstances, including the extent of any variance from the Guidelines range . . . to determine whether, as a matter of substance, the sentencing factors in [18 U.S.C. §] 3553(a) support the sentence." *United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012) (internal quotation marks and citations omitted). At the same time, this court "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Broussard*, 669 F.3d 537, 551 (5th Cir. 2012) (internal quotation marks and citation omitted).

In this case, the district court reviewed the presentence report and the Government's motion for an upward departure. The court considered and rejected Yoes's argument that the Guidelines sentencing range adequately accounted for his lengthy criminal history and the danger posed by his conduct in evading arrest. Among other things, Yoes engaged in an hour-long high-speed chase involving multiple near misses with innocent bystanders and apparently attempted to cause other motorists to collide to create a vehicular obstruction and aid his escape. The district court explicitly considered the advisory Guidelines range and the § 3553(a) sentencing factors, noting that it could consider Yoes's criminal history and dangerous behavior.

On appeal, Yoes again argues that the district court could not consider his criminal history or the circumstances of his arrest because these were already factored into his Guidelines recommendation. But in imposing a non-Guidelines sentence, the district court may rely on factors already taken into account by the Sentencing Guidelines, including a defendant's criminal history, *United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008), and the "nature and circumstances" and "seriousness" of the offense, 18 U.S.C. § 3553(a)(1), (a)(2)(A). Accordingly, the factors that the district court considered are all permissible when determining the appropriateness of a sentence inside or outside the Guidelines. *Cf. United States v. Key*, 599 F.3d 469, 472–75 (5th Cir. 2010) (upholding consideration of a defendant's "conscious decision" to drive recklessly at sentencing). Thus, the district court did not fail "to account for a factor that should have received significant weight," give "significant weight to an irrelevant or improper factor," or commit "a clear error of judgment in balancing the" § 3553(a) factors. *Burney*, 992 F.3d at 400.

As to the extent of the variance, Yoes's sentence of 120 months is 69 months greater than the Guidelines maximum of 51 months but well below the statutory maximum of 180 months. This court has upheld similar upward variances. *See, e.g.*, *United States v. Smith*, 440 F.3d 704, 706, 708–10 (5th Cir. 2006) (affirming a 60-month sentence that was an upward variance from a Guidelines maximum of 27 months of imprisonment); *United States v. Jones*, 444 F.3d 430, 433, 441–43 (5th Cir. 2006) (affirming a 120-month sentence that was an upward variance from a Guidelines maximum of 57 months). Thus, under the totality of the circumstances, including the extent of the variance and the § 3553(a) factors identified by the district court, the sentence was reasonable. *See Gerezano-Rosales*, 692 F.3d at 400.

AFFIRMED.