# United States Court of Appeals for the Fifth Circuit

_____

No. 25-50138
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
December 11, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Alex Josue Rodriguez-Ortiz,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:24-CR-2051-1

_____

Before Elrod, *Chief Judge*, and Higginson and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Alex Josue Rodriguez-Ortiz pleaded guilty to illegal reentry into the United States, and the district court imposed an above-Guidelines sentence of 36 months' imprisonment followed by 3 years of supervised release. On

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-50138

appeal, Rodriguez-Ortiz challenges his sentence as both procedurally and substantively unreasonable.

First, Rodriguez-Ortiz asserts that his sentence is unreasonable because it does not comply with U.S.S.G. § 4A1.3, p.s. (2024), which provides the standards for upward and downward departures under the Guidelines.[1]  This argument fails because the district court imposed an upward variance, not an upward departure pursuant to § 4A1.3.  A departure and a variance are separate and distinct sentencing mechanisms.  *See United States v. Jacobs*, 635 F.3d 778, 782 (5th Cir. 2011).  Because § 4A1.3 has no bearing on Rodriguez-Ortiz's case, we disregard this argument.  *See United States v. Mejia-Huerta*, 480 F.3d 713, 723 (5th Cir. 2007).

Second, Rodriguez-Ortiz contends that the district court failed to articulate a reasoned explanation for his sentence.  This argument likewise fails.  Given that Rodriguez-Ortiz did not raise this objection in the district court, we review for plain error.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).  This is not a case where the sentencing judge "did not mention any [18 U.S.C.] § 3553 factors at all" and "did not give any reasons for its sentence beyond a bare recitation of the Guideline[s]'s calculation."  *United States v. Fraga*, 704 F.3d 432, 439 (5th Cir. 2013).  Rather, the district court provided specific reasons for the 36-month sentence of imprisonment that were relevant to Rodriguez-Ortiz individually.  Thus, Rodriguez-Ortiz has not established a clear or obvious procedural error.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

_____

[1] The 2025 amendments to the Guidelines eliminated "departures."  *See* U.S.S.G. § 4A1.3 (2025).  But Rodriguez-Ortiz was sentenced in February 2025, before the effective date of the 2025 amendments.

No. 25-50138

Finally, Rodriguez-Ortiz challenges the substantive reasonableness of his sentence, contending that the district court made a clear error of judgment in balancing the sentencing factors and giving undue weight to his criminal history. This argument is also unavailing. We review the substantiative reasonableness of a sentence for an abuse of discretion. *United States v. Burney*, 992 F.3d 398, 399–400 (5th Cir. 2021). In imposing a non-Guidelines sentence, the district court may rely on factors already taken into account by the Guidelines, including a defendant's criminal history, *see United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008), and may rely on other factors such as his prior criminal conduct that did not result in convictions, *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). Accordingly, the factors that the district court considered in this case were all "permissible factors for consideration under [] § 3553(a) in determining whether a sentence inside or outside the Guidelines would be appropriate." *United States v. Williams*, 517 F.3d 801, 811 (5th Cir. 2008).

As to the extent of the variance, the district court likewise did not abuse its discretion. Rodriguez-Ortiz's 36-month sentence of imprisonment is 12 months greater than the Guidelines maximum but well below the 120-month statutory maximum. *See* 8 U.S.C. §§ 1326(a), (b)(1). We have upheld proportionally similar, or greater, variances. *See, e.g.*, *United States v. Smith*, 417 F.3d 483, 492–93 (5th Cir. 2005); *United States v. Key*, 599 F.3d 469, 475-76 (5th Cir. 2010).

Accordingly, the judgment of the district court is AFFIRMED.

3