# United States Court of Appeals
## for the Fifth Circuit

———————————

No. 23-30871

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

November 20, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

LaMorris Allan French,

*Defendant—Appellant*.

———————————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:23-CR-64-1

———————————————————————————

Before Higginbotham, Jones, and Oldham, *Circuit Judges*.

Per Curiam:

LaMorris Allan French appeals his conviction, arguing that the statute of conviction, 18 U.S.C. § 922(g)(1), is facially unconstitutional under the Second Amendment. Section 922(g)(1) is known as the felon-in-possession statute. It prohibits any person convicted of "a crime punishable by imprisonment" for more than one year from possessing "any firearm or ammunition." Although the Supreme Court has yet to address the constitutionality of § 922(g)(1), it has continued to emphasize that laws disarming "felons" are "presumptively lawful." *United States v. Rahimi*, 144

No. 23-30871

S. Ct. 1889, 1902 (2024) (quoting *District of Columbia v. Heller*, 554 U.S. 570, 626–27 n.26 (2008)).

A facial challenge is the "most difficult challenge to mount successfully." *United States v. Salerno*, 481 U.S. 739, 745 (1987). As the Supreme Court has recently reminded, courts must apply the *Salerno* test to every facial challenge not "based on the First Amendment." *Moody v. NetChoice*, 144 S. Ct. 2383, 2397 (2024); *see also id.* at 2409 ("Even in the First Amendment context, facial challenges are disfavored . . . ."). So, naturally, *Salerno* applies to this facial challenge based on the Second Amendment. *Rahimi*, 144 S. Ct. at 1898. Under *Salerno*, French must "establish that no set of circumstances exists under which" the law "would be valid." *Salerno*, 481 U.S. at 745.

We recently applied these standards to § 922(g)(1) and held the statute is facially constitutional. *See United States v. Diaz*, --- F.4th ---, No. 23-50452, 2024 WL 4223684, at *9 (5th Cir. Sept. 18, 2024) (applying *Salerno* and upholding § 922(g)(1)).

AFFIRMED.

2