# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 4, 2025

Lyle W. Cayce
Clerk

———————

No. 23-30691

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MELVIN CLAY BLAKE, JR.,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:22-CR-216-1

———————————————————————

Before HIGGINBOTHAM, WILLETT, and HO, *Circuit Judges*.

PER CURIAM:[*]

Melvin Clay Blake, Jr. pleaded guilty to being a felon in possession of a firearm—a violation of 18 U.S.C. § 922(g)(1). On appeal, Blake brings a facial challenge to the constitutionality of that statute. Initially, the Government responded that this argument was waived, and that binding precedent dictates that § 922(g)(1) is not "clearly or obviously" unconstitutional for purposes of plain-error review. *See United States v. Jones*,

———————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-30691

88 F.4th 571, 573–74 (5th Cir. 2023). The Government then moved for summary affirmance, which Blake did not oppose. A panel of this court denied the motion because it was unclear whether plain error was the appropriate standard of review.

The appropriate standard of review, however, is no longer relevant because we have since held that § 922(g)(1) *is* facially constitutional. *United States v. Diaz*, 116 F.4th 458, 471–72 (5th Cir. 2024). Thus, as Blake himself concedes, *Diaz* squarely forecloses Blake's facial challenge, which is the only issue properly raised on appeal.[1] *See United States v. French*, 121 F.4th 538, 538 (5th Cir. 2024) (denying facial challenge to § 922(g)(1) in light of *Diaz*); *United States v. Haynes*, No. 23-30638, 2024 WL 5134345, at *1 (5th Cir. Dec. 17, 2024) (same). As Blake's challenge is barred by precedent, we need not address whether he waived that challenge before the district court.

The judgment of the district court is AFFIRMED.

---

[1] In his reply brief, Blake requests that we remand his case because § 922(g)(1) may be unconstitutional as applied to his specific conduct. We decline to do so. As is clear from his opening brief, Blake exclusively raised a facial challenge on appeal. We will not consider an as-applied challenge raised for the first time in Blake's reply brief. *See Hollis v. Lynch*, 827 F.3d 436, 451 (5th Cir. 2016) ("Reply briefs cannot be used to raise new arguments."), *abrogated in part on other grounds by Diaz*, 116 F.4th 458.