# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 6, 2025

Lyle W. Cayce
Clerk

No. 23-30562
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CHAD WALKER,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:22-CR-188-2

Before BARKSDALE, HAYNES, and WILSON, *Circuit Judges*.

PER CURIAM:*

Chad Walker pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1); possession of controlled substances with the intent to distribute, in violation of 21 U.S.C. § 841(a); and possession of a firearm in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. § 924(c).  He was sentenced to, *inter alia*, a within-Guidelines range of 106-

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

months' imprisonment. Walker challenges only his § 922(g)(1) (possession of firearm by felon) conviction and sentence, renewing his contention that the statute of conviction is unconstitutional. He fails to brief, and has therefore abandoned, any challenge to his remaining convictions and sentences. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986).

Walker first contends that § 922(g)(1) facially violates the Second Amendment in the light of *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). This challenge, however, is foreclosed by our court's recent decision in *United States v. Diaz*, 116 F.4th 458, 471–72 (5th Cir. 2024), holding § 922(g)(1) is facially constitutional under *Bruen. See, e.g.*, *United States v. French*, 121 F.4th 538, 538 (5th Cir. 2024) (holding same); *United States v. Barber*, 124 F.4th 354, 360 (5th Cir. 2024) (same). (To the extent he attempts to assert, for the first time in his reply brief, that § 922(g)(1) is unconstitutional as applied to him, he has, *inter alia*, waived that assertion for failure to brief it. *See United States v. Fernandez*, 48 F.4th 405, 412 (5th Cir. 2022); *United States v. Ogle*, 415 F.3d 382, 383–84 (5th Cir. 2005).)

Walker also contends § 922(g)(1) is unconstitutional because it exceeds the scope of Congress' authority under the Commerce Clause. He correctly concedes his contention is foreclosed by *United States v. Alcantar*, 733 F.3d 143, 145 (5th Cir. 2013); but he presents the issue to preserve it for possible further review. *E.g.*, *United States v. Jones,* 88 F.4th 571, 573 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 1081 (2024).

AFFIRMED.