# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-40664
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

February 27, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JAVIER ROBERTO NUNEZ,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:22-CR-1441-1

---

Before BARKSDALE, HAYNES, and WILSON, *Circuit Judges*.

PER CURIAM:*

Javier Roberto Nunez appeals the sentence imposed following his bench-trial conviction for possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). Our court previously denied Nunez' counsel's motion to withdraw that relied on *Anders v. California*, 386 U.S. 738 (1967), and ordered counsel to file a brief on the merits. In doing so, our court identified

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

the following nonfrivolous issues: "whether 18 U.S.C. § 922(g)(1) is unconstitutional under the Second Amendment in light of the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022)"; and whether there was a clerical error in the written judgment.

Nunez has filed a supplemental brief addressing these issues, which we construe as a brief on the merits. Although the Government construes his brief as raising a facial constitutional challenge to § 922(g)(1), Nunez expressly concedes that his conviction is constitutional, evidently based on the incorrect assertion that *Bruen* explicitly "upheld the constitutionality of [§ 922(g)(1)]".

In any event, Nunez has failed to adequately brief, and has therefore abandoned, any Second Amendment contention. *See United States v. Stalnaker*, 571 F.3d 428, 439–40 (5th Cir. 2009) (defendant's failure to explain assertions or provide citations to record or relevant law constituted waiver). Even assuming that the Government is correct in construing the brief to raise a facial constitutional challenge to § 922(g)(1), that issue is now foreclosed by our court's recent decision in *United States v. Diaz*, 116 F.4th 458, 471–72 (5th Cir. 2024), holding § 922(g)(1) is facially constitutional under *Bruen*. *See, e.g.*, *United States v. French*, 121 F.4th 538, 538 (5th Cir. 2024) (holding same); *United States v. Barber*, 124 F.4th 354, 360 (5th Cir. 2024) (same).

Turning to the clerical error, the parties agree that the judgment incorrectly lists 18 U.S.C. § 924(a)(8) as the statute of conviction. At the time of Nunez' offense, the proper punishment provision for his offense was the version of 18 U.S.C. § 924(a)(2) in effect at the time of Nunez' May 2022 offense. Accordingly, the judgment must be corrected to reflect the proper statute of conviction. *See* Fed. R. Crim. P. 36; *see also United States v. Powell*, 354 F.3d 362, 371–72 (5th Cir. 2003).

No. 23-40664

Finally, "[t]he constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate on behalf of his client, as opposed to that of amicus curiae". *Anders*, 386 U.S. at 744. Appointed counsel Shannon Hooks has failed to demonstrate active advocacy or comply with the briefing requirements of Federal Rule of Appellate Procedure 28 due to the inadequate merits brief. Counsel is warned that the filing of similar inadequate briefs in the future may result in the imposition of sanctions.

AFFIRMED; REMANDED for the limited purpose of correcting the clerical error to reflect the proper statute of conviction; SANCTION WARNING ISSUED.