# United States Court of Appeals
# for the Fifth Circuit

—————————

No. 23-11230
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**

March 28, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Osmar Alexis Alvarez,

*Defendant—Appellant*.

—————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CR-205-1

—————————

Before Barksdale, Haynes, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Osmar Alexis Alvarez pleaded guilty to possession of a firearm following a felony conviction, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Alvarez to, *inter alia*, an above-Guidelines range of 84-months' imprisonment. He challenges his conviction under § 922(g)(1), contending the statute is facially unconstitutional, by claiming it: violates the Second Amendment; and exceeds Congress' powers under the Commerce Clause. In

—————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

the alternative, he contends his sentence is substantively unreasonable in the light of the 18 U.S.C. § 3553(a) sentencing factors.

In challenging his conviction under 18 U.S.C. § 922(g)(1), Alvarez contends such a conviction is facially unconstitutional under the Second Amendment in the light of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). This challenge, however, is foreclosed by our court's recent decision in *United States v. Diaz*, 116 F.4th 458, 471–72 (5th Cir. 2024), *petition for cert. docketed* (U.S. 24 Feb. 2025) (No. 24-6625), holding § 922(g)(1) is facially constitutional under *Bruen*. *See, e.g.*, *United States v. French*, 121 F.4th 538, 538 (5th Cir. 2024) (holding same); *United States v. Barber*, 124 F.4th 354, 360 (5th Cir. 2024) (same). (Alvarez contends *Diaz* is in error. No authority need be cited for our being bound by circuit precedent.)

He also contends § 922(g)(1) is unconstitutional because it exceeds the scope of Congress' authority under the Commerce Clause. As Alvarez correctly concedes, this contention is foreclosed by *United States v. Alcantar*, 733 F.3d 143, 145–46 (5th Cir. 2013); but, he presents the issue to preserve it for possible further review.

His challenge to his sentence also fails. Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Alvarez contends the court imposed a substantively-unreasonable, above-Guidelines sentence by relying upon prior convictions already accounted

for, or specifically excluded, by the Guidelines. This contention is unavailing, however, as it is well-settled that the district court may rely on: factors already taken into account by the Guidelines, including defendant's criminal history, *see United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008); or other factors, such as defendant's criminal conduct that did not result in convictions, *see United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008).

Insofar as Alvarez' substantive-reasonableness challenge hinges on the extent of the variance, the court likewise did not abuse its discretion. *See, e.g.*, *United States v. Key*, 599 F.3d 469, 475–76 (5th Cir. 2010) (upholding a 216-months' sentence based on factors already considered by Guidelines where applicable Guidelines range was 46 to 57 months); *United States v. Smith*, 417 F.3d 483, 492–93 (5th Cir. 2005) (upholding upward departure from 41-month Guidelines range maximum to 120-months' imprisonment based upon defendant's criminal history). When reviewing a non-Guidelines sentence for substantive reasonableness, we must give "due deference to the district court's decision that the § 3553(a) [sentencing] factors, on a whole, justify the extent of the variance". *United States v. Broussard*, 669 F.3d 537, 551 (5th Cir. 2012) (citation omitted). Regarding those sentencing factors, because the record does not reflect that the court failed to "account for a factor that should have received significant weight", gave "significant weight to an irrelevant or improper factor", or committed "a clear error of judgment in balancing" the factors, there was no abuse of discretion. *United States v. Burney*, 992 F.3d 398, 399–400 (5th Cir. 2021) (citation omitted).

AFFIRMED.